## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**JON PAUL I. ULIBARRI,**

                              **Plaintiff,**          No.

**vs.**

**PERSONNEL SECURITY**                      **Removed from the Second Judicial District**
**CONSULTANTS, INC., and**                  **Court, County of Bernalillo, State of New**
**MICHELE JUSTICE,**                        **Mexico, No. .  D-202-CV-2015-08698**

                              **Defendants.**

### NOTICE OF REMOVAL

Defendants PERSONNEL SECURITY CONSULTANTS, INC. and MICHELE JUSTICE, hereby file their Notice of Removal and consent to removal of the case: *Jon Paul I. Ulibarri v. Personnel Security Consultants, Inc. and Michele Justice*, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §§ 1441(a), 1446.  By removing this case, Defendants do not waive, and expressly reserve, any defenses available to them including, without limitation, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, failure to join a party under Fed. R. Civ. P. Rule 19, res judicata, collateral estoppel, statutes of limitations and non-claim statutes, and all other defenses.

1.      On February 24, 2016, the Complaint and Summonses were served on Defendant Michele Justice.  Pursuant to 28 U.S.C. § 1446(a), and LR 81.1, true and correct copies of all process, pleadings, and orders filed and served in the State Court are attached as Exhibit A.

2.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this is a civil action involving a claimed violation of the Civil Rights Act of 1964, 42 USC §2000e, et. seq.

3.      Pursuant to 28 U.S.C. § 1446(b), Defendants timely filed this Notice of Removal

1

within thirty (30) days from the date of service of the initial pleading in the action.

     4.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been filed with the Clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico. See Notice of Notice of Removal, attached as Exhibit B (exclusive of attachments).

The Case Involves a Federal Question

This case involves alleged violations of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq.  See paragraph 7 and Count I of the complaint. Because the claim involves a civil action brought in a State court of which this court has original jurisdiction, the case is subject to removal pursuant to 28 U.S.C. §1441(a).

     WHEREFORE, Defendants desire that this action be removed from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico.

                               ROBERT D. GORMAN, P.A.

                           By: /s/ *Robert D. Gorman*
                             ROBERT D. GORMAN, Attorney for
                             Defendants
                             P. O. Box 25164
                             Albuquerque, NM 87125-0164
                             (505)243-5442

2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March 2016, I filed the foregoing electronically through the CM/ECF system, and a copy of the foregoing was mailed by U.S. Mail to the following counsel of record:

John S. Stiff, Esq.
Stiff, Keith & Garcia, LLC
400 Gold Ave. NW, Suite 1300
Albuquerque, NM 87102
Phone (505)243-5755
email jstiff@stifflaw.com

/s/ *Robert D. Gorman*
ROBERT D. GORMAN

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/17/2015 11:59:46 AM
James A. Noel
Catherine Chavez

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

JON PAUL I. ULIBARRI,

        Plaintiff,

vs.                                        No.    D-202-CV-2015-08698

PERSONNEL SECURITY CONSULTANTS, INC.,
and MICHELLE JUSTICE,

        Defendants.

### COMPLAINT FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, DISCRIMINATION AND RETALIATION

Jon Paul I.Ulibarri, by and through his attorney, STIFF, KEITH & GARCIA, LLC (John S. Stiff, Esq.), and for his Complaint against Defendants, Personnel Security Consultants, Inc. ("PSC") and Michelle Justice, and pursuant to the New Mexico Human Rights Act and the common law of the State of New Mexico states:

### PARTIES, VENUE AND JURISDICTION

1.     Plaintiff, Jon Paul I. Ulibarri, is a resident of Bernalillo County, New Mexico.

2.     Upon information and belief, Defendant, Personnel Security Consultants, Inc. (hereafter "PSC"), is a New Mexico corporation authorized to do business, and doing business in, New Mexico.

3.     Upon information and belief, Defendant, Michelle Justice, is a resident of Bernalillo County, New Mexico, and is the president and owner of PSC.

4.     This Court has jurisdiction over the subject matter of this action.

5.     This Court has personal jurisdiction over the parties.

**Exhibit A**

6.      All acts described in this Complaint occurred in Bernalillo County and venue is therefore proper in the Second Judicial District Court of the State of New Mexico.

7.      Plaintiff filed a timely EEOC Charge and received his Right to Sue on October 9, 2015.

## GENERAL ALLEGATIONS

8.      Plaintiff began working for PSC in March of 2012 on a part-time basis while he attended the University of New Mexico.

9.      On or about September of 2013, Plaintiff's part-time employment terminated. Approximately one month later, in October of 2013, Plaintiff was rehired by PSC on a full-time, permanent basis as a Security Assistant with the Investigations team.

10.     During his tenure at PSC, Plaintiff's performance was exemplary and he received accolades for his work from his supervisors at PSC. Because Plaintiff demonstrated substantial skill, he was promoted from a Security Assistant to a Security Specialist, and subsequently promoted again to manage law enforcement investigations, which were considered more technical and required a higher skill set. In fact, prior to Plaintiff's termination he was trained and actively performing all types of investigations handled by PSC, including law enforcement, child care, public trust and client-specific investigations.

11.     On February 19, 2015, Plaintiff, along with all other employees of PSC, attended a company meeting called at the direction of PSC management. During that

meeting, Plaintiff and one other employee, Monique Serna, expressed concerns about management's comments during the meeting.

12.     Defendant Justice, and her husband, Tony Zambrano, who is in charge of marketing and business operations for PSC, were visibly displeased about Plaintiff's interjections during the meeting, and Mr. Zambrano became verbally abusive.

13.     On March 3, 2015, the day after Plaintiff returned to work following the birth of his first child, Plaintiff received a written notice in which he was told that he had dressed inappropriately for wearing a "green active wear shirt."

14.     The shirt in question met all requirements of appropriate business attire as identified under the current PSC Employee Dress Code (Policy Memo No.: PSC-001, Revision1).

15.     The shirt was not an "active wear" shirt. It was a short-sleeve, polo shirt with a collar and three buttons, which Plaintiff had previously worn to work on multiple occasions and at no time did a team coordinator, a member of management or other PSC supervisory personnel advise Plaintiff that they considered this shirt to be inappropriate business attire.

16.     The notice of March 3, 2015, was the first time that Plaintiff's work attire had been called into question.

17.     Pursuant to PSC's Dress Code, initial infractions would be handled through a "personal, private discussion" by the supervisor. In fact, per PSC's Dress Code, it is not until a third violation that a written warning would be administered.

18.     In Plaintiff's case, PSC failed to follow its own policy.

19.     Other males in the office, wore similar shirts (short-sleeve, polo-style shirts) on a daily basis.

20.     The March 3, 2015 notice also stated that Plaintiff failed to properly train a new employee in law enforcement investigations.

21.     At no time did a team coordinator, a member of management, or other PSC supervisory personnel advise Plaintiff on their expectations or direct Plaintiff on how the new employee was to be trained.

22.     Plaintiff followed the same pattern of training that was given to him when he began the position.

23.     Plaintiff was also told that he was being transferred from law enforcement investigations to handle first defense cases, a lower skilled position which required no investigation work, yet he was to train the new employee, a white female, to take over law enforcement investigations.

24.     Only Plaintiff and one other employee handled law enforcement investigations and performed the same duties and functions.

25.     Removing Plaintiff from law enforcement investigations was essentially a demotion.

26.     The newly hired female employee that Plaintiff was instructed to train had no current training or experience in law enforcement investigations, and, according to that employee, she had not "conducted investigations in over 16 years."

27.     The notice of March 3, 2015 further stated that Plaintiff's "work was prioritized on February 18, 2015" yet management "had not seen progress."

28.     On February 18, 2015, Plaintiff met with the president and the office manager, Bernadette Montano, wherein Plaintiff reviewed his caseload and prioritized his cases so that his caseload could be managed during his absence from work for the birth of his first child.

29.     Plaintiff's son was born on February 20, 2015. Plaintiff was out of the office on that day through March 2, 2015.

30.     Plaintiff requested and obtained prior approval from PSC management to take leave without pay following the birth of his son.

31.     Although Plaintiff's work was prioritized so that his caseload could be covered during his absence, no other PSC personnel managed Plaintiff's files during his absence.

32.     Upon returning to work, Plaintiff was expected to complete reports as prioritized and perform all other tasks required in managing his caseload in two days. Plaintiff had only one day in the office before taking leave, and one day upon returning to the office to prepare reports as requested by PSC management.

33.     The final remark noted on the notice of March 3, 2015 stated that Plaintiff was "disrespectful" to the office manager, Bernadette Montano.

34.     On February 19, 2015, Ms. Montano briefly came into Plaintiff's office to obtain a status update on his work prioritization.

35.     As Plaintiff was in the middle of typing a report, he responded verbally to Ms. Montano's inquiries as he continued to type on his computer.

36.     In no way was Plaintiff's behavior disrespectful, nor would it have been deemed to be disrespectful by any reasonable person.

37.    Plaintiff never displayed disrespect, discourtesy or impoliteness to any employee at PSC, and had absolutely no previous transgressions related to insubordination or disrespect of a fellow PSC staff member or a member of management.

38.    At no time during Plaintiff's brief conversation with Ms. Montano on February 19th or the remainder of that day, did Ms. Montano or any other PSC staff member or management staff state that they felt Plaintiff's actions of that day were disrespectful.

39.    It was not until the notice of March 3, 2015, after Plaintiff's return to the office from leave for the birth of his child, was this brought to his attention.

40.    In Plaintiff's role as a Security Specialist who conducted law enforcement investigations, Plaintiff received less compensation than Garrett Ferhner, a white male, who was also a Security Specialist who conducted law enforcement investigations.

41.    Although there are other employees whose title is Security Specialist, only Mr. Ferhner and Plaintiff were trained in performing law enforcement investigations.

42.    Despite performing the same job duties, his hourly wage was significantly less than Mr. Ferhner.

43.    On March 5, 2015, two days after receiving the written notice, Plaintiff was terminated by Defendant Justice and the office manager, Bernadette Montano.

44.    None of the issues raised in the March 3, 2015 notice were given as reason for Plaintiff's termination.

45.    The only explanation Plaintiff was given by Defendant Justice and Ms. Montano was that "other employees had complained" about Plaintiff.

46.     Plaintiff was not told which employees had complained, was not provided any documentation of any complaints, was not provided any specifics as to what the complaints were, nor was Plaintiff afforded any opportunity to respond.

47.     Plaintiff was not provided a termination letter or any written confirmation of his termination, nor was Plaintiff given a copy of his personnel file even though he specifically requested a copy.

48.     The written notice of March 3, 2015, was pretextual in that Plaintiff was given unrealistic performance goals based on the workload placed on him and insufficient time restraints.

49.     As a result of Defendants' actions, Plaintiff has suffered lost wages, benefits, emotional distress and costs, including attorney's fees.

**COUNT I:     DISCRIMINATION AND RETALIATION**

50.     Plaintiff re-alleges and incorporates by reference all these allegations stated in paragraphs 1 through 49 with full force and effect.

51.     Plaintiff claims that Defendants have discriminated against him in the terms and conditions of his employment on the basis of his race and gender in violation of the New Mexico Human Rights Act.

52.     Plaintiff also claims that Defendants have discriminated against him because he engaged in protected activity, specifically that he attempted to speak out against discrimination of another  female employee who was told she had to wear make up to work, and as a result of his protected conduct, he was retaliated against. Defendants treated Plaintiff less favorably than other similarly situated employees

## COUNT II:   BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

53.      Plaintiff re-alleges and incorporates by reference all these allegations stated in paragraphs 1 through 52 with full force and effect.

54.      The Defendant had an employment manual which created an implied contract between the Defendant and its employees.

55.      Defendant breached the implied contract by terminating Plaintiff in retaliation for his protected activity, and subjecting Plaintiff to unprofessionalism and interpersonal hostility that was repeated and sufficiently sever as to harm Plaintiff's health or economic status.

56.      Defendant acted willfully in breaching the implied contract with Plaintiff.

## COUNT III:   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57.      Plaintiff alleges and incorporates by reference all of the allegations contained in paragraphs 1 through 56 above as though fully set forth.

58.      All Defendants, and each of them, knew or reasonably should have known that the conduct described herein would and did proximately result in emotional distress to Plaintiff.

59.      All Defendants, and each of them, knew or reasonably should have known that Plaintiff had purchased a home within a few months of his termination and had his first child within the same week of his termination.

60.      At all relevant times, all Defendants, and each of them, had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct.

61.     Despite said knowledge, power, and duty, Defendants negligently failed to act so as to stop engaging in the conduct described herein and/or to prevent or prohibit such conduct or otherwise protect Plaintiff. To the extent that said negligent conduct was perpetrated by certain Defendants, the remaining Defendants confirmed and ratified said conduct with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to Plaintiff.

62.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer serious emotional distress, humiliation, anguish, as well as economic losses, all to his damage in amounts to be proven at trial.

## JURY DEMAND

63.     Plaintiff respectfully demands a jury of six persons to hear his claim.

Wherefore, Plaintiff respectfully requests this Court to award Plaintiff compensatory and punitive damages for Defendants' conduct, award Plaintiff's his costs, including attorney's fees, and award such other relief as the Court deems reasonable under the circumstances.

Respectfully submitted,

STIFF, KEITH & GARCIA, LLC

By _____

John S. Stiff, Esq.
400 Gold Avenue, SW, Suite 1300
Albuquerque, New Mexico 87102
Phone:      (505) 243-5755
Fax:        (505) 243-5855
E-mail:     jstiff@stifflaw.com
*Attorney for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/26/2016 9:55:58 AM
James A. Noel
Jane Shrader

## SUMMONS

| | |
|---|---|
| SECOND JUDICIAL DISTRICT<br>BERNALILLO COUNTY<br>STATE OF NEW MEXICO<br><br>Court Address:  400 Lomas Blvd. N.W.<br>Albuquerque, NM 87102<br><br>Court Telephone No.:   (505) 841-8400 | Case Number: D-202-CV-2015-08698<br><br>Judge:  Nancy J. Franchini |
| Plaintiff(s): Jon Paul I. Ulibarri<br><br>v.<br><br>Defendant(s): Personnel Security Consultants,<br>Inc., and Michelle Justice | Defendant<br>Name:     Michelle Justice<br>Address:   219 Central Ave., Suite 201 NW<br>          Albuquerque, NM 87102 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that:

    **1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

    **2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with this Summons is determined by Rule 1-004 NMRA).  The Court's address is listed above.

    **3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

    **4.**     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

    **5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

    **6.** If you need an interpreter, you must ask for one in writing.

    **7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at_____, New Mexico, this 1/15/2016 ____day of January, 2016

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
     Chris Peck, Deputy

John S. Stiff, Esq.
STIFF, KEITH & GARCIA
400 Gold Ave. S.W, Suite 1300
Albuquerque, NM 87102
Phone:   (505) 243-5755
Email: jstiff@stifflaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO            )
                               ) ss.
COUNTY OF BERNALILLO           )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this Summons in _Bernalillo_ _____ county on the _24_ day of _February_, 20_16_ by delivering a copy of this Summons, with a copy of Complaint attached, in the following manner: _91.03tn_

**(check one box and fill in appropriate blanks):**

[ ]     to the Defendant _____ (*used when Defendant accepts a copy of Summons and Complaint or refuses to accept the Summons and Complaint*)

[ ]     to the Defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the Summons and Complaint on the Defendant by personal service or by mail or commercial courier service, by delivering a copy of this Summons, with a copy of Complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant , (*used when the Defendant is not presently at place of abode*) and by mailing by first class mail to the Defendant at _____ (*insert Defendant's last known mailing address*) a copy of the Summons and Complaint

[ ]     to _Melissa Dell_ _the person_ the person apparently in charge at the actual place of business or employment of the Defendant and by mailing by first class mail to the Defendant at (*insert Defendant's business address*) and by mailing the Summons and Complaint by first class mail to the Defendant at _____ (*insert Defendant's last known mailing address*)

[ ]     to _____, an agent authorized to receive service of process for Defendant _____.

[ ]     to _____ [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of Defendant _____, (*used when Defendant is a minor or an incompetent person*).

[ ]     to _____ (*name of person*), (*title of person authorized to receive service. Use this alternative when the Defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _42.88_ _____

_____
Signature of Person Making Service

_____
Title (if any)

SUBSCRIBED AND SWORN to before me this _24_ day of _Feb_ _____,
20_16_

_____
Judge, Notary Public or Other Authorized to Administer Oaths

OFFICIAL SEAL
KAREN A. DELLINGER
Notary Public
State of New Mexico
My Comm. Expires 11-25-2018

_____
Official Title

My Commission Expires:
_11-25-2018_ _____

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/26/2016 9:55:58 AM
James A. Noel
Jane Shrader

## SUMMONS

| | |
|---|---|
| SECOND JUDICIAL DISTRICT<br>BERNALILLO COUNTY<br>STATE OF NEW MEXICO<br><br>Court Address:  400 Lomas Blvd. N.W.<br>Albuquerque, NM 87102<br><br>Court Telephone No.:   (505) 841-8400 | Case Number: D-202-CV-2015-08698<br><br>Judge:  Nancy J. Franchini |
| Plaintiff(s): Jon Paul I. Ulibarri<br><br>v.<br><br>Defendant(s): Personnel Security Consultants,<br>Inc., and Michelle Justice | Defendant<br>Name:    Personnel Security Consultants, Inc.<br>Address: c/o Robert D. Gorman, Registered Agent<br>1201 Lomas Blvd N.E., Suite A<br>Albuquerque, NM 87102 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with this Summons is determined by Rule 1-004 NMRA).  The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at_____, New Mexico, this___day of January, 2016.   1/15/2016

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: ___Chris Peck, Deputy

John S. Stiff, Esq.
STIFF, KEITH & GARCIA
400 Gold Ave. S.W, Suite 1300
Albuquerque, NM 87102
Phone:   (505) 243-5755
Email: jstiff@stifflaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO                     )
                                        )  ss.
COUNTY OF BERNALILLO                    )

    I, being duly sworn, on oath, state that I am over the age of eighteen (18) and not a party to this lawsuit, and that I served this Summons in _Bernalillo_____ county on the _25_ day of _February_, 20_16_, by delivering a copy of this Summons, with a copy of Complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the Defendant _____ (*used when Defendant accepts a copy of Summons and Complaint or refuses to accept the Summons and Complaint*)

[ ]    to the Defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the Summons and Complaint on the Defendant by personal service or by mail or commercial courier service, by delivering a copy of this Summons, with a copy of Complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, (*used when the Defendant is not presently at place of abode*) and by mailing by first class mail to the Defendant at _____ (*insert Defendant's last known mailing address*) a copy of the Summons and Complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the Defendant and by mailing by first class mail to the Defendant at (*insert Defendant's business address*) and by mailing the Summons and Complaint by first class mail to the Defendant at _____ (*insert Defendant's last known mailing address*)

[X]    to _Robert Johnson____, an agent authorized to receive service of process for Defendant _Personal Security Consultants_

[ ]    to _____ [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of Defendant _____, (*used when Defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), (*title of person authorized to receive service. Use this alternative when the Defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _42.88_

_____
Signature of Person Making Service

_P.I._____
Title (if any)

SUBSCRIBED AND SWORN to before me this _25_ day of _Feb_ 201_6_

OFFICIAL SEAL
KAREN A. DELLINGER
Notary Public
State of New Mexico
My Comm. Expires 11/25/2018

_Karen A Dellinger_____
Judge, Notary Public or Other Authorized to Administer Oaths

My Commission Expires:
_11-25-2018_

_Notary_____
Official Title

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/17/2015 11:59:46 AM
James A. Noel
Catherine Chavez

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

JON PAUL I. ULIBARRI,

      Plaintiff,

vs.                                 No.    D-202-CV-2015-08698

PERSONNEL SECURITY CONSULTANTS, INC.,
and MICHELLE JUSTICE,

      Defendants.

## ARBITRATION CERTIFICATE

Plaintiff hereby certifies, pursuant to Rule LR2-603, that it seeks only a money judgment herein and that the amount sought exceeds Twenty-Five Thousand Dollars ($25,000.00), exclusive of punitive damages, interest and costs.

                                    Respectfully submitted,

                                    STIFF, KEITH & GARCIA

                                    By:_____

                                        John S. Stiff, Esq.
                                        400 Gold Avenue, SW Suite 1300
                                        Albuquerque, New Mexico 87102
                                        (505) 243-5755 (office)
                                        jstiff@stifflaw.com

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

**No. D-202-CV-2015-08698**

**JON PAUL I. ULIBARRI,**

    **Plaintiff,**

**v.**

**PERSONNEL SECURITY CONSULTANTS, INC.**
**and MICHELLE JUSTICE,**

    **Defendants.**

**ANSWER**

  COME NOW DEFENDANTS PERSONNEL SECURITY CONSULTANTS, INC.

and MICHELLE JUSTICE, by and through their attorney, ROBERT D. GORMAN, P.A., and for

their answer to the complaint state:

  1.  Defendants admit paragraph 1 of the complaint.

  2.  Defendants admit paragraph 2 of the complaint.

  3.  Defendants admit paragraph 3 of the complaint.

  4.  Subject to the defenses hereinafter stated, Defendants admit paragraph 4 of the

complaint.

  5.  Defendants admit paragraph 5 of the complaint.

  6.  Defendants admit that Bernalillo County is the proper venue for this action.

Defendants deny the remaining allegations of paragraph 6 of the complaint, and specifically deny

that Defendants have committed any acts that support a claim for relief.

1

7.      Defendants deny paragraph 7 of the complaint.

8.      Defendants deny paragraph 8 of the complaint and affirmatively state that Plaintiff began work for Defendant Personnel Security Consultants, Inc., in June 2012.

9.      Defendants deny paragraph 9 of the complaint and affirmatively state that Plaintiff's employment position was converted on September 17, 2013, to an "at will" Security Assistant.

10.     Defendants deny paragraph 10 of the complaint.

11.     Defendants admit the first sentence of paragraph 11 of the complaint.  Defendants deny the remaining allegations of paragraph 11, and affirmatively state that one purpose of the meeting was to address concerns about how Plaintiff and Ms. Serna were treating a new employee, and to clarify how employees were to conduct themselves in the course of employment.

12.     In answer to paragraph 12, Defendants admit that Defendant Michele Justice expressed disappointment and concern about how a new employee was being treated.  The remaining allegations of paragraph 12 are denied.

13.     Defendants deny the allegations of paragraph 13 of the complaint and affirmatively state that Plaintiff was given a warning letter, referred to as a "Failure to Promote the Professionalism and Efficiency of PSC Operations," on March 3, 2015.  Plaintiff was cautioned regarding four specific failures to comply with company policies and procedures, including conducting an interview in a fluorescent green active wear dress shirt contrary to the company dress code, failure to work with a new employee as directed, and failure to inform and train the employee on the process of conducting interviews of individuals who are the subject of

2

a contracted investigation, failure to complete prioritized work assignments before taking leave for the birth of a child, and disrespectful conduct toward the Office Manager.

14.     Defendants deny the allegations of paragraph 14, and specifically state that Plaintiff's attire failed to conform with express directions concerning how investigators were to dress when they conducted personal interviews.

15.     Defendants deny the allegations of paragraph 15.

16.     Defendants deny the allegations of paragraph 16.

17.     Defendants deny the allegations of paragraph 17.

18.     Defendants deny the allegations of paragraph 18.

19.     In answer to the allegations of paragraph 19, Defendants deny that other male employees conducted interviews with third parties in attire similar to that of Plaintiff. Defendants affirmatively state that all employees were cautioned about the need to dress appropriately and in a professional manner in a meeting held on February 19, 2015, and Plaintiff was also verbally cautioned at various other times.  Plaintiff failed and refused to comply with Company policies and warnings.

20.     Defendants admit the allegations of paragraph 20.

21.     Defendants deny the allegations of paragraph 21.

22.     Defendants deny the allegations of paragraph 22.

23.     Defendants deny the allegations of paragraph 23.  Defendants affirmatively state that Plaintiff's work was reviewed in the ordinary course, and it was discovered that his work product was seriously deficient.  Some of Plaintiff's work was reassigned to allow him more time to correct observed deficiencies in cases retained by Plaintiff.

3

24.     Defendants deny the allegations of paragraph 24.

25.     Defendants deny the allegations of paragraph 25.  Defendants affirmatively state that some of Plaintiff's work responsibilities were reallocated to accommodate his request to take personal leave upon the birth of his child.

26.     Defendants deny the allegations of paragraph 26.

27.     Defendants admit the allegations of paragraph 27.

28.     Defendants admit the allegations of paragraph 28.

29.     Defendants admit the allegations of paragraph 29.

30.     Defendants admit the allegations of paragraph 30. Defendants affirmatively state that Plaintiff was approved for 40 hours of leave. Defendant's absence exceeded the approved leave time.

31.     Defendants deny the allegations of paragraph 31.

32.     Defendants deny the allegations of paragraph 32.  Defendants affirmatively state that during the period of time that Plaintiff was absent from the office his supervisors fully reviewed pending work and discovered that Plaintiff's work was grossly deficient, disorganized, incomplete, and not in accordance with company standards.

33.     Defendants admit the allegations of paragraph 33.

34.     Defendants admit the allegations of paragraph 34.  Defendants affirmatively state that the referenced February19, 2015, meeting was only one of many encounters that Plaintiff had with Ms. Montaño, in which he was rude, disrespectful and non-responsive.

35.      Defendants deny the allegations of paragraph 35, and affirmatively state that Plaintiff was staring at his computer screen and refused to look at Ms. Montaño, or to pay heed to

4

her comments.

36.     Defendants deny the allegations of paragraph 36.

37.     Defendants deny the allegations of paragraph 37.

38.     Defendants deny the allegations of paragraph 38.

39.     Defendants deny the allegations of paragraph 39.  Defendants affirmatively state that the March 3, 2015, letter was not directed solely at Plaintiff's conduct on February 19, 2015, but included his entire course of conduct as an employee.

40.     In answer to paragraph 40 of the complaint, Defendants affirmatively state that Plaintiff's compensation differed from Mr. Ferhner, in part because their levels of experience, education and training differed.  The quality of their work also differed.

41.     Defendants deny the allegations of paragraph 41.

42.     Defendants deny the allegations of paragraph 42.  Defendants affirmatively state that Plaintiff's compensation differed from Mr. Ferhner, in part because their levels of experience, education and training differed.  The quality of their work also differed.

43.     In answer to paragraph 43 Defendants affirmatively state that Plaintiff's employment with Personnel Security Consultants, Inc., was terminated for reasons that included the reasons set forth in the referenced letter. Plaintiff's termination of employment was communicated to him in writing by Defendant Michele Justice.

44.     Defendants deny the allegations of paragraph 44.  Defendants affirmatively state that Plaintiff was an at will employee, and his employment could be lawfully terminated without cause.

45.     Defendants deny the allegations of paragraph 45.

5

46.     Defendants deny the allegations of paragraph 46.

47.     Defendants deny the allegations of paragraph 47.  Defendants affirmatively state that Plaintiff did not request a copy of his personnel file. Defendants deny that Plaintiff is entitled to a copy of his personnel file. Personnel files are the property of Personnel Security Consultants, Inc.

48.     Defendants deny the allegations of paragraph 48.

49.     Defendants deny the allegations of paragraph 49.

## COUNT I

50.     In answer to paragraph 50, Defendants incorporate their answers to paragraph 1 through 49.

51.     Defendants deny the allegations of paragraph 51.

52.     Defendants deny the allegations of paragraph 52.

## COUNT II

53.     In answer to paragraph 53, Defendants incorporate their answers to paragraph 1 through 52.

54.     Defendants deny the allegations of paragraph 54.  Defendants affirmatively state that Plaintiff was informed upon hiring and in various written communications, including the Employee Handbook, that he was an at will employee and his employment could be terminated at any time for any reason or for no reason.

55.     Defendants deny the allegations of paragraph 55.

56.     Defendants deny the allegations of paragraph 56.

## COUNT III

57.     In answer to paragraph 57, Defendants incorporate their answers to paragraph 1 through 56.

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants deny the allegations of paragraph 59.

60.     Defendants deny the allegations of paragraph 60.  Defendants expressly deny that they engaged in any conduct that was intended to cause Plaintiff emotional distress, or that was otherwise unlawful or wrongful.

61.     Defendants deny the allegations of paragraph 61.

62.     Defendants deny the allegations of paragraph 62.

63.     Paragraph 63 requires no response.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The complaint is barred or reduced by the doctrine of prior breach.

### THIRD AFFIRMATIVE DEFENSE

The complaint is barred by a lack of consideration or a failure of consideration.

### FOURTH AFFIRMATIVE DEFENSE

The complaint is barred by the Statute of Frauds.

### FIFTH AFFIRMATIVE DEFENSE

The complaint is barred by the doctrine of laches.

7

<u>SIXTH AFFIRMATIVE DEFENSE</u>

The complaint is barred by the doctrines of waiver and estoppel.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

The complaint is barred by the doctrine of unclean hands.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

The complaint is barred or reduced by the failure of plaintiff to mitigate damages

<u>NINTH AFFIRMATIVE DEFENSE</u>

The complaint is barred by applicable statutes of limitations and non-claim statutes. See

Exhibit A.

WHEREFORE, having fully answered the Complaint, Defendant prays that the

Complaint be dismissed with prejudice, for costs and for such other relief as the Court deems just

and proper in the circumstances.

ROBERT D. GORMAN, P.A.
By: /s/ *Robert D. Gorman*
ROBERT D. GORMAN, Attorney for
Defendants
P. O. Box 25164
Albuquerque, NM 87125-0164
(505)243-5442

8

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of March 2016, I mailed and emailed the foregoing answer to the following counsel of record:

      John S. Stiff, Esq.
      Stiff, Keith & Garcia, LLC
      400 Gold Ave. NW, Suite 1300
      Albuquerque, NM 87102
      Phone (505)243-5755
      email jstiff@stifflaw.com

/s/ *Robert D. Gorman*
ROBERT D. GORMAN

9

Print this page

# Case # D-202-CV-2015-08698 - Jon Paul I Ulibarri v. Michelle Justice, et al. (Franchini, Nancy J.)

### Case Information

| | |
|---|---|
| Location | Bernalillo County |
| Date Filed | 03/25/2016 01:52:01 PM |
| Case Number | D-202-CV-2015-08698 |
| Case Description | Jon Paul I Ulibarri v. Michelle Justice, et al. |
| Assigned to Judge | Franchini, Nancy J. |
| Attorney | Robert Gorman |
| Firm Name | Robert D. Gorman, P.A. |
| Filed By | Robert Gorman |

### Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $6.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $6.00 |

### Payment

| | |
|---|---|
| Account Name | Robert D. Gorman |
| Transaction Amount | $6.00 |
| Transaction Response | |
| Transaction ID | 3104125 |
| Order # | 002074391-0 |

### ANSWER

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | ANSWER |
| Filing Description | Answer by Defendants Personnel Security Consultants, Inc. and Michele Justice |
| Reference Number | PE27-003 |
| Comments | |
| Status | Submitting |

### Fees

| | | |
|---|---|---|
| Court Fee | $0.00 | |
| Service Fee | $0.00 | |

**Documents**

*Lead Document*        Answer.pdf                        [Original]

**Associated Parties**

Party/Business Name

Michelle Justice

Personnel Security Consultants Inc

**SECOND  JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

No.  D-202-CV-2015-08698

**JON PAUL I. ULIBARRI,**

                              **Plaintiff,**

**vs.**

**PERSONNEL SECURITY CONSULTANTS, INC., and**
**MICHELE JUSTICE,**

                              **Defendants.**

**NOTICE OF REMOVAL**

        NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. § 1446(d), the instant

matter has been removed to the United States District Court for the District of New

Mexico.

        Attached is a copy of the Notice of Removal filed in the U.S. District Court for the

District of New Mexico, exclusive of attachments.

        DATED this 25th day of March 2016.


                                        ROBERT D. GORMAN, P.A.
                              By: /S/ Robert D. Gorman
                                        ROBERT D. GORMAN, Attorneys for
                                        Defendants
                                        P. O. Box 25164
                                        Albuquerque, NM  87125
                                        (505) 243-5442


1

**Exhibit B**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March 2016, I filed the foregoing electronically through the CM/ECF system, and a copy of the foregoing was mailed by U.S. Mail to the following counsel of record:

John S. Stiff, Esq.
Stiff, Keith & Garcia, LLC
400 Gold Ave. NW, Suite 1300
Albuquerque, NM 87102
Phone (505)243-5755
email jstiff@stifflaw.com

/s/ *Robert D. Gorman*
ROBERT D. GORMAN

2