# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

————————————

JON PAUL I. ULIBARRI,

                Plaintiff,

v.                                              No. CV 16-00230 WJ/KBM

PERSONNEL SECURITY
CONSULTANTS, INC., and
MICHELE JUSTICE,

                Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand (**Doc. 6**), filed April 11, 2016. Having reviewed the parties' filings and the applicable law, the Court finds that Plaintiff's Motion to Remand is well-taken, and therefore **GRANTED**, as herein described. Accordingly, pursuant to 28 U.S.C. § 1447(c), this matter is **REMANDED** to state court.

### BACKGROUND

Plaintiff Jon Paul I. Ulibarri ("Plaintiff") alleges that he began working for Personnel Security Consultants, Inc. ("PSC") in March of 2012 on a part-time basis. In October of 2013, his position as a Security Assistant became full-time. Plaintiff alleges that he received accolades for his work from his supervisors and was promoted to a Security Specialist. On February 19, 2015, Plaintiff and other PSC employees attended a company meeting called by PSC management. Plaintiff alleges that he and another employee expressed concerns about management's comments during the meeting, and that Defendant Michele Justice and her

husband became visibly displeased about Plaintiff's interjections during the meeting. Upon returning to work on March 3, 2015 following the birth of his first child, Plaintiff alleges that he received a written notice which stated that he had dressed inappropriately for wearing a green "active wear" shirt. Plaintiff alleges that this shirt met all requirements of appropriate business attire under the PSC Employee Dress Code, that it was in fact a short-sleeved polo shirt, and that he had previously worn the shirt to work on multiple occasions without incident.

The March 3rd written notice also stated that Plaintiff failed to properly train a new employee. Plaintiff alleges that management members failed to advise him on their expectations or how the new employee was to be trained. Plaintiff was subsequently transferred from law enforcement investigations to first defense cases, which Plaintiff alleges to be a lower skilled position, yet he was also required to train the new employee, a white female, to take over law enforcement investigations. The March 3rd written notice also stated that while Plaintiff's work was "prioritized" on February 18, 2015, management "had not seen progress." Plaintiff alleges that he "prioritized" his caseload, but no other PSC personnel managed his files during his absence from February 20, 2015 to March 2, 2015. Upon his return, Plaintiff was expected to complete reports as prioritized in only two days. Finally, the March 3rd written notice stated that Plaintiff was disrespectful to the office manager. Plaintiff denies that his behavior was disrespectful. Plaintiff also alleges that he received less compensation than a white male in the same position.

On March 5, 2015, Plaintiff was terminated by Defendant Michele Justice and the office manager. Plaintiff alleges that the March 3rd written notice was pre-textual in that he was given unrealistic performance goals based on the workload and time constraints. Plaintiff filed his Complaint on November 17, 2015 in the Second Judicial District Court, County of Bernalillo,

State of New Mexico. Plaintiff's Complaint alleges claims of Discrimination and Retaliation "on the basis of his race and gender in violation of the New Mexico Human Rights Act," Breach of Implied Covenant of Good Faith and Fair Dealing, and Intentional Infliction of Emotional Distress. Plaintiff also alleges that he filed a timely Equal Employment Opportunity Commission ("EEOC") Charge and received his Right to Sue on October 9, 2015.

On March 25, 2016, Defendants filed a Notice of Removal (**Doc. 1**), stating that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331, as this case is a civil action involving a claimed violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et. seq*. Plaintiff filed a Motion to Remand (**Doc. 6**) on April 11, 2016. Defendants filed a Response (**Doc. 13**) on May 7, 2015, and Plaintiff filed his Reply (**Doc. 14**) on May 24, 2016.

## LEGAL STANDARD

Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant; absent diversity of citizenship, federal question jurisdiction is required. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 113 (1936).

"A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks omitted). "The presence of a federal issue" in a case is not sufficient to confer federal question jurisdiction; rather, the federal issue must be

one that is "actually disputed and substantial." *Id.* at 1235–36 (internal quotation marks omitted).

Under this rule, the plaintiff may avoid federal jurisdiction by exclusive reliance on state law in

his complaint. *See Caterpillar Inc.*, 482 U.S. at 392.

Generally, the presumption is against removal jurisdiction. *See Laughlin v. Kmart Corp.*,

50 F.3d 871, 873 (10th Cir. 1995). The removing party has the burden to demonstrate the

appropriateness of removal from state to federal court. *See McNutt v. General Motors*

*Acceptance Corp.*, 298 U.S. 178, 189 (1936).

<h3 align="center">Discussion</h3>

In his Motion to Remand, Plaintiff argues that as there is no federal cause of action or

federal right pled in the Complaint, this action should be remanded to state court for further

proceedings. Plaintiff notes that removal is improper unless a federal question appears on the

face of Plaintiff's well-pleaded Complaint. Plaintiff argues that where Plaintiff's claim involves

both a federal ground and a state ground, the Plaintiff is free to ignore the federal question and

pitch his claim on the state ground to defeat removal. *See Travelers Indem. Co. v. Sarkisian*, 794

F.2d 754, 758 (2d Cir. 1986). Plaintiff notes that the only exceptions to this rule are when federal

law completely preempts an entire field or when Plaintiff omits a federal question essential to

resolution of his claim. First, Plaintiff argues that it is well-established that Title VII does not

preempt state law discrimination claims which do not directly conflict with it. *See Shaw v. Delta*

*Air Lines, Inc.*, 463 U.S. 85, 101–03 (1983). Second, Plaintiff likens his case to *Noel v. J.P.*

*Morgan Chase Bank N.A.*, in which the plaintiff alleged that his employer retaliated against him

after he filed a complaint with the EEOC. *See* 918 F. Supp. 2d 123, 124 (E.D.N.Y. 2013). After

the defendant removed the case to federal court, the court found that a federal question was not

essential to plaintiff's retaliation claim, and therefore, plaintiff was free to assert only the state

4

law retaliation claim. *See id.* at 125. Similarly, Plaintiff argues that this case does not involve a federal question essential to resolve Plaintiff's claim and that he is free to assert only his state law claim.

Defendants counter that Plaintiff's only colorable discrimination claim is a claim under Title VII of the Civil Rights Act of 1964. In their Amended Answer (**Doc. 4**), Defendants attach as an Exhibit Plaintiff's Order of Nondetermination from the State of New Mexico, Plaintiff's Charge of Discrimination, and the EEOC's Dismissal and Notice of Rights. Defendants argue that in Plaintiff's Charge of Discrimination, he indicated that the charge is to be presented to the EEOC rather than the New Mexico Human Rights Bureau (known as "FEPA"). Defendants argue that by failing to invoke the New Mexico Human Rights Act in his Charge of Discrimination, Plaintiff has created the presumption that he is not relying upon New Mexico state law. *See Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir. 1998). Further, Defendants argue that the filing of a Charge of Discrimination under New Mexico law is time barred, and regardless, Plaintiff's Charge of Discrimination is deficient for state law purposes because it fails to name Defendant Michele Justice. *See Luboyeski v. Hill*, 872 P.2d 353, 355 (N.M. 1994). Defendants conclude that Plaintiff's only legal basis for pursuing his discrimination claim is under federal law.

The Court finds that Defendants have not carried their burden of demonstrating the appropriateness of removal, specifically in showing that a federal question is presented on the face of Plaintiff's well-pled Complaint. Plaintiff's Complaint does not make clear that resolution of his claims depend upon interpretation of Title VII of the Civil Rights Act of 1964, nor does it appear that Plaintiff has omitted a federal question essential to resolution of his claim. *See Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006). The only reference to

anything federal in Plaintiff's Complaint is in the "Parties, Venue, and Jurisdiction" section, in which paragraph seven states: "Plaintiff filed a timely EEOC Charge and received his Right to Sue on October 9, 2015." (**Doc. 1**, Ex. A). Plaintiff's allegations of discrimination and retaliation in Count I are founded "on the basis of his race and gender in violation of the New Mexico Human Rights Act."

Defendants' argument that removal is proper centers around Plaintiff's Charge of Discrimination filed with the New Mexico Human Rights Bureau in which Plaintiff selected to have his claim presented to the EEOC and stated: "I believe that Respondent discriminated and retaliated against me because of my gender (male) and my complaint in violation of Title VII of the Civil Rights Act of 1964, as amended." (**Doc. 4**, Ex. A). The work sharing agreement between the State of New Mexico and the EEOC means that Plaintiff received an Order of Nondetermination from the State of New Mexico and a Dismissal and Notice of Rights from the EEOC.

The Court does agree that Plaintiff's reference to federal law in the Charge of Discrimination does lend some credence to Defendants' position. However, the Court finds that the fact that Plaintiff previously filed a Charge of Discrimination seeking federal review and asserting a federal claim does not forever bind him to federal law in a later Complaint that alleges only state law claims. The fact that the EEOC investigated Plaintiff's discrimination claim does not determine how Plaintiff may choose to plead his case. Plaintiff did not attach the Charge of Discrimination to the Complaint, there is no reference to Title VII in the Complaint, and Plaintiff prays for relief solely under the New Mexico Human Rights Act.

Further, "the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Fajen v. Foundation Reserve Ins. Co.,*

*Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). Defendants' argument is wholly premised on documents attached to the Amended Answer, not Plaintiff's Complaint. Ultimately, the Court credits the plain reading of Plaintiff's Complaint and Plaintiff's statements in his Motion to Remand that he is only asserting state law claims. At most, Defendants' argument raises an ambiguity between Plaintiff's Charge of Discrimination and Plaintiff's Complaint. Given this ambiguity, Defendants have not met their burden of establishing the existence of a federal question.

Defendants' remaining arguments assert that Plaintiff failed to plead exhaustion of administrative remedies under the New Mexico Human Rights Act, and that Plaintiff failed to name Defendant Michele Justice in the Charge of Discrimination. While Defendants' arguments may or may not have merit, they are beyond the scope of determining whether or not Plaintiff's Complaint arises under federal law.

## CONCLUSION

Accordingly, the Court finds Plaintiff's Motion to Remand is well-taken, and therefore **GRANTED**. For the reasons herein stated, this action is **REMANDED** to the Second Judicial District Court, County of Bernalillo, State of New Mexico. The Clerk of Court is directed to mail a certified copy of this order to the Clerk of the Second Judicial District Court and to take the necessary steps to effectuate this remand.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE